T.C. Summary Opinion 2003-56


UNITED STATES TAX COURT


LUCIANO V. FLORES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5411-02S.                    Filed May 19, 2003.


Luciano V. Flores, pro se.

<u>Michael W. Lloyd</u> and <u>Sara J. Barkley</u>, for respondent.


POWELL, <u>Special Trial Judge</u>:  This case was heard pursuant
to the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.[1]  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.

---

[1]     Unless otherwise indicated, subsequent section references
are to the Internal Revenue Code in effect for the year in issue,
and all Rule references are to the Tax Court Rules of Practice
and Procedure.

Respondent determined a deficiency of $10,422 in petitioner's 1998 Federal income tax and an addition to tax under section 6651(a)(1) of $2,338.50.[2]  The issues are whether petitioner is entitled to greater deductions for Schedule C, Profit or Loss From Business, expenses than that allowed by respondent and whether petitioner is liable for the addition to tax under section 6651(a)(1) for 1998.  Petitioner resided in Commerce City, Colorado, at the time the petition was filed.

1. Post-Trial Motions

On February 28, 2003, the Court received a document from petitioner entitled "Motion to Admit Evidence".  Attached to that document were literally hundreds of documents most of which appear to be receipts.  As far as we can tell, however, these documents are in no particular order, nor are there any explanations as to what the documents relate.  Accordingly, this document and the attachments thereto will be returned to petitioner unfiled.

Prior to the trial on October 23, 2002, petitioner and respondent executed a stipulation of facts that essentially provided that petitioner had substantiated approximately $54,000 in expenses.  On March 3, 2003, petitioner submitted a document

---

[2]     In the notice of deficiency, respondent also determined a deficiency of $2,531 and an addition to tax under sec. 6651(a)(1) of $273.45 for the taxable year 1999.  In the petition, petitioner did not raise the 1999 taxable year, and those determinations are not before the Court.

that has been filed as petitioner's Motion to be Relieved of the Stipulation of Facts. As we understand, the gist of this motion is that, even though petitioner signed the stipulation of facts on the advice of his accountant, he had not been able to present all of his receipts. Petitioner also submitted a document entitled "Motion to be Released of Trial Memorandum". The only trial memorandum contained in this case was filed by respondent. Trial memorandums are used as an information tool in the preparation of a trial and are not evidence. As such, this document is improper and will be returned to petitioner unfiled.

When this case was originally called for trial on Monday, October 22, 2002, petitioner was not ready for trial. He had turned over to respondent's counsel some records the previous Friday. His records were not organized in categories of expenses. The case was set for trial on the following day and petitioner was instructed to organize his records. Petitioner did not organize the records.

In submitting the records in this fashion, petitioner essentially asks this Court to conduct an accounting analysis of his business. That is not a function of this Court. The notice of deficiency was issued December 7, 2001, and petitioner was surely aware of respondent's determination that he had not substantiated the deductions for the Schedule C expenses he had claimed. The case was set for trial 10 months later. Petitioner

had the help of an accountant, and he still had not organized his records.  This is inexcusable.  Petitioner's posttrial motion to be relieved of the stipulation of facts and the other documents referred to above are simply a continuation of this conduct.  Petitioner's motion will be denied.

## 2.  The Deductions

For reasons that are apparent, we combine our findings of facts with our discussion.  Petitioner was a residential building contractor during 1998.  The parties agree that petitioner had gross receipts of $107,668.  While he did have a checking account, petitioner received from his customers and paid to his suppliers mostly cash.  Petitioner kept no books of record of his income or expenses.  Rather he seems to have used a record-keeping method of throwing receipts in a box and thereafter ignoring the box when the return was prepared.  On Schedule C petitioner claimed total expenses of $100,330 or approximately 93 percent of his gross receipts.  Even though he prepared the 1998 return, petitioner cannot explain the entries on the return.  Upon examination, respondent disallowed $36,914 of the expenses claimed.  Under respondent's view, petitioner's expenses were approximately 59 percent of his gross receipts.

At trial petitioner's testimony was often vague and contradictory.  Many of the receipts that petitioner presented are made out to his brother, who was also a contractor, and/or

his girlfriend.  But even if we accepted petitioner's testimony that these people acted as his agents, there are items that have a hollow ring.  For example, petitioner testified that his cell phone was in his girlfriend's name.  However, deductions are alleged for two phones.

Ordinarily we would be inclined to simply hold that petitioner has not carried his burden of proof[3] (see Rule 142) and sustain respondent's determination.  We believe, however, that most of the problem results from ignorance of any type of bookkeeping skills and requirements.  Furthermore, we are concerned that, notwithstanding the failures in petitioner's case, respondent's determination that petitioner's expenses were 59 percent of his gross income is erroneous.  During 1998, a general building contractor's expenses were approximately 86 percent of the gross income.  See Internal Revenue Service, Statistics of Income Bulletin, p. 30 (SOI) (Summer 2000).  We are, therefore, fairly confident that petitioner did have some expenses in addition to those allowed by respondent.

In such circumstances, although absolute certainty is usually impossible, courts have allowed deductions based on a close approximation but bearing heavily against the taxpayer

---

[3]    It would be ludicrous to say that under these circumstances petitioner is entitled to shift the burden of proof to respondent under sec. 7491(a).  To say the least, he did not maintain adequate records or present credible evidence.  See sec. 7491(a).

"whose inexactitude is of his own making." See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). In making such an approximation, we start with the consideration of the 86 percent figure derived from SOI. But, we recognize that there are expenses contained in that figure (such as employee benefit programs, commissions, profit-sharing plans, etc.) that petitioner did not incur. Accordingly, we believe that petitioner's expenses would have been approximately 80 percent of his revenues or $86,134.

With respect to the addition to tax under section 6651(a)(1), the parties have stipulated that the return was filed March 7, 2000, almost 11 months after the return should have been filed, and petitioner has offered no evidence that the late filing was due to reasonable cause and not willful neglect. We sustain respondent's determination of the section 6651(a)(1) addition to tax for 1998. See United States v. Boyle, 469 U.S. 241 (1985).

Reviewed and adopted as the report of the Small Tax Case Division.

An appropriate order will be issued, and decision will be entered under Rule 155.